# IN THE COURT OF APPEALS OF IOWA

No. 17-0240
Filed April 4, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DEONTE THOMPSON,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Des Moines County, Michael J. Schilling, Judge.

Deonte Thompson challenges the denial of his motion to reduce the mandatory-minimum sentence for his conviction for second-degree robbery. **WRIT ANNULLED.**

Jacob L. Mason of JL Mason Law, P.L.L.C., Ankeny, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., Vaitheswaran, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**DANILSON, Chief Judge.**

Deonte Thompson appeals from the district court's denial of his motion to reduce the sentence imposed upon his 2015 conviction for second-degree robbery, in violation of Iowa Code sections 711.1 and .3 (2015). He contends counsel was ineffective because in arguing the motion to reduce sentence counsel failed to raise due-process and equal-protection challenges to the non-retroactive application of the 2016 amendment to Iowa Code section 902.12(3). There is no appeal as a matter of right from the denial of a motion to correct a sentence. *See State v. Propps*, 897 N.W.2d 91, 96 (Iowa 2017); *Clayton v. Iowa Dist. Ct.*, No. 16-1559, 2017 WL 4570477, at *1 (Iowa Ct. App. Oct. 11, 2017).[1] We treat Thompson's appeal as a petition for writ of certiorari. *See Propps*, 897 N.W.2d at 97.

Thompson asserts the "district court should hear evidence of the disproportionate effect and rule on the arbitrary nature of the amendment and the level of scrutiny that should be afforded to" his claim. However, he offers no legal argument or evidence related to his constitutional claims and little more than a bald claim of ineffective assistance. *See Nguyen v. State*, 878 N.W.2d 744, 752 (Iowa 2016) (noting a defendant must prove both breach of an essential duty and resulting prejudice to establish a claim of ineffective assistance of counsel). The general allegations are insufficient to establish his ineffectiveness claim. We annul the writ.

---

[1] In *Clayton*, this court found the defendant had failed to prove the prospective application of section 902.12(3) violated his right to equal protection. 2017 WL 4570477, at *4-5. This court has also held the prospective application of section 902.12(3) does not constitute cruel and unusual punishment. *Dixon v. Iowa Dist. Ct.*, No. 17-0369, 2018 WL 1182529, at *3 (Iowa Ct. App. Mar. 7, 2018).

**WRIT ANNULLED.**